FILED IN CHAMBERS
U.S.D.C ATLANTA
Date: Feb 03 2022
KEVIN P. WEIMER, Clerk
By: s/Kari Butler
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| KYMELL PAK, | : | PRISONER CIVIL RIGHTS |
|   Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| KEVIN SPRAYBERRY, et al., | : | CIVIL ACTION NO. |
|   Defendants. | : | 4:21-CV-113-HLM-WEJ |

## ORDER AND
## FINAL REPORT AND RECOMMENDATION

Plaintiff, Kymell Pak, represented by counsel, submitted a civil rights Complaint pursuant to 42 U.S.C. § 1983 in connection with his previous confinement in Hays State Prison in Trion, Georgia. (Compl. [1].) Plaintiff brings the Complaint against the following defendants: Warden Kevin Sprayberry; Deputy Warden Jacob Beasley; Officers Jones, Bobby Lewis Brown, Smith, and Lindsey; Sergeant Zachary Jerome Black; and unnamed officers, doctors, and nurses. (Id. at 1.)

Sprayberry, Jones, and Black filed a Motion to Dismiss [4], plaintiff filed a Response in opposition [13], and Sprayberry, Jones, and Black filed a Reply [16]. Beasley and Lindsey filed a Motion to Dismiss [26], to which plaintiff did not respond. Brown and Smith filed a Motion to Dismiss [11], plaintiff filed a

Response in opposition [22], and Brown and Smith filed a Reply [19]. Brown and Smith also filed a Motion for Leave to File Sur-Reply [23]. For good cause shown, Brown and Smith's Motion for Leave to File Sur-Reply [23] is **GRANTED**.

Sprayberry, Jones, and Black filed a Motion to Stay Proceedings [5], pending the resolution of their Motion to Dismiss. Plaintiff filed a Response [14], in which he neither consents to nor opposes the Motion to Stay Proceedings. Sprayberry, Jones, and Black then filed an Amended Motion to Stay Proceedings [18]. Brown and Smith also filed a Motion to Stay Proceedings [12] and an Amended Motion to Stay Proceedings [20]. For good cause shown, (1) Sprayberry, Jones, and Black's Motion to Stay Proceedings [5] and Amended Motion to Stay Proceedings [18] are **GRANTED**, and (2) Brown and Smith's Motion to Stay Proceedings [12] and Amended Motion to Stay Proceedings [20] are **GRANTED**.

Plaintiff filed a Motion for Oral Argument [24], Sprayberry, Jones, and Black filed a Response in opposition [25], and Brown and Smith filed a Response in opposition [27]. The undersigned agrees with Sprayberry, Jones, Black, Brown, and Smith that oral argument is not necessary. Accordingly, plaintiff's Motion for Oral Argument [24] is **DENIED**.

For the reasons stated below, the undersigned **RECOMMENDS** that (1) the named defendants' Motions to Dismiss [4, 11, 26] be **GRANTED**, and (2)

2

plaintiff's claims against the unnamed defendants be **DISMISSED WITHOUT PREJUDICE**.

I. **DISCUSSION**

Plaintiff states that an inmate named Nadalis Merriweather stabbed him in the eye by thrusting a knife through his cell door flap on June 16, 2019. (Compl. 2, 8-9.) Merriweather was able to defeat his cell door lock and walk unescorted through the dormitories to plaintiff's cell to commit the attack. (Id. at 8-9.) Plaintiff received surgery at a hospital, but his eye later became infected and had to be removed. (Id. at 10-13.) Plaintiff claims that defendants (1) failed to protect him from Merriweather, (2) failed to provide adequate medical care, (3) engaged in a conspiracy to deny his constitutional rights, and (4) are liable as supervisors. (Id. at 15-26.) Plaintiff seeks monetary and injunctive relief. (Id. at 26-27.)

Defendants move to dismiss on the ground that plaintiff fails to state a claim upon which relief may be granted. (Mot. Dismiss [4] 1; Mot. Dismiss [11] 1; Mot. Dismiss [26] 1.) A complaint fails to state a claim when the factual allegations, accepted as true, do not "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A viable claim must be "plausible on its face." Id. at 570. To satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference

3

that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

### A. Inmate Violence

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citation and internal quotation marks omitted). "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Id. at 828 (internal quotation marks omitted). "[D]eliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. at 835. A prison official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837; see also Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (per curiam). The deliberate indifference standard does not require prison officials to prevent every possible act of violence among inmates. See Farmer, 511 U.S. at 834, 844-45; Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (per

4

curiam)(affirming dismissal of failure to protect claim because defendants did not foresee or cause attack on inmate).

In the present case, plaintiff alleges the following: (1) an unnamed officer "allowed Merriweather to return to his cell unescorted," and "failed to slide the cell door bolt in place and check to make sure that the cell door locked when he closed it," and (2) defendants failed to stop Merriweather from leaving his cell, walking to plaintiff's cell, and assaulting plaintiff. (Compl. 8-10.) However, plaintiff does not allege that defendants knew that Merriweather or any other inmate posed a physical threat to plaintiff and planned to assault him.[1] Because defendants did not know that plaintiff faced a substantial risk of serious harm, their actions constitute at most negligence. Therefore, plaintiff does not state a § 1983 claim of failure to protect him from inmate violence.

Plaintiff may pursue any negligence claims against defendants in the proper Georgia state court. A federal court has diversity jurisdiction over civil actions where the matter in controversy exceeds the value of $75,000 and is between

---

[1] Plaintiff alleges that it was only after the assault that Jones spoke to Merriweather and learned that "there was a 'hit' on [plaintiff's] head." (Compl. 11.)

5

citizens of different states. 28 U.S.C. § 1332(a)(1). In the present case, diversity jurisdiction is absent because all parties are citizens of Georgia.

B. **Medical Care**

Deliberate indifference to a prisoner's serious medical needs violates the Eighth and Fourteenth Amendments, and the standard is the same under both amendments. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1024 n.5 (11th Cir. 2001) (en banc).

> To prevail on a claim for inadequate medical treatment, a prisoner must satisfy an objective and a subjective requirement. . . . He must show an objectively serious deprivation of medical care by demonstrating (1) an objectively serious medical need . . . that, if left unattended, poses a substantial risk of serious harm, and (2) that the prison official's response to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law. . . .
>
> A prisoner must also show a prison official's subjective intent to punish by demonstrating that the official acted with deliberate indifference. . . . To satisfy this requirement, a prisoner can show the prison official's: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. . . . Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all.

Barnes v. Martin Cnty. Sheriff's Dep't, 326 F. App'x 533, 534-35 (11th Cir. 2009) (per curiam) (citations and internal quotation marks omitted).

6

Disagreement over a course of treatment does not constitute deliberate indifference, and a prisoner's preference for a particular treatment does not give rise to a constitutional claim. See Harris v. Thigpen, 941 F.2d 1495, 1504-05 (11th Cir. 1991). When medical attention is delayed, the relevant factors for consideration are the following: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Goebert v. Lee Cnty., 510 F.3d 1312, 1327 (11th Cir. 2007).

In the present case, plaintiff alleges that (1) defendants did not discover plaintiff's injury quickly enough, (2) defendants did not take plaintiff to the infirmary until twenty-four minutes after discovering that he was injured, and (3) after plaintiff's first surgery, he was not "given any antibiotics and [was given] only Tylenol for pain." (Compl. 10-15.) Those allegations do not show that defendants (1) inflicted pain on plaintiff wantonly rather than negligently, and (2) acted with deliberate indifference by subjectively intending to punish him. See Barnes, 326 F. App'x at 534-35. Plaintiff also fails to show that the twenty-four-minute delay in taking him to the infirmary worsened his medical condition. See Goebert, 510 F.3d at 1327.

Although plaintiff alleges that unnamed nurses "ignored his concerns" about his eye between June 23 and July 10, 2019, his claims against all the unnamed

7

defendants are subject to dismissal for failure to identify them. (Compl. 12.) See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (affirming dismissal of claim for failure to identify prison guard). Therefore, plaintiff fails to state a § 1983 claim of inadequate medical care. Because diversity jurisdiction is absent, plaintiff may pursue any negligence claims against defendants in the proper Georgia state court.[2]

### C. Plaintiff's Remaining Claims

Plaintiff concedes that his conspiracy claim should be dismissed without prejudice. (Pl. Resp. [13] 3-4.) Plaintiff fails to establish supervisory liability because defendants' conduct was not unconstitutional. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff's claim for injunctive relief is moot because he is no longer confined in Hays State Prison. (Compl. 14.) See McKinnon v. Talladega Cnty., Ala., 745 F.2d 1360, 1363 (11th Cir. 1984).

Accordingly, the named defendants' Motions to Dismiss [4, 11, 26] should be granted, and plaintiff's claims against the unnamed defendants should be dismissed without prejudice.

---

[2] In light of the undersigned's conclusion that plaintiff fails to state a claim, there is no need to consider defendants' arguments regarding qualified immunity. (See Def. Br. [4-1] 23-24; Def. Br. [26-1] 21-22.)

## II. CONCLUSION

For the reasons stated above, the undersigned **ORDERS** that (1) Sprayberry, Jones, and Black's Motion to Stay Proceedings [5] and Amended Motion to Stay Proceedings [18] are **GRANTED**, (2) Brown and Smith's Motion to Stay Proceedings [12] and Amended Motion to Stay Proceedings [20] are **GRANTED**, (3) Brown and Smith's Motion for Leave to File Sur-Reply [23] is **GRANTED**, and (4) plaintiff's Motion for Oral Argument [24] is **DENIED**. The undersigned **RECOMMENDS** that (1) the named defendants' Motions to Dismiss [4, 11, 26] be **GRANTED**, and (2) plaintiff's claims against the unnamed defendants be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO ORDERED AND RECOMMENDED**, this 3rd day of February, 2022.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE