THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

KYMEL J. PAK,

    Plaintiff,

v.

KEVIN SPRAYBERRY, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 4:21-CV-0113-HLM-WEJ

ORDER

This is a civil rights action filed under 42 U.S.C. § 1983. The case is before the Court on the Motion to Dismiss filed by Defendants Sprayberry, Jones, and Black [4], on the Motion to Dismiss filed by Defendants Brown and Smith [11], on the Motion to Dismiss filed by Defendants Beasley and Lindsey [26], on the Order and Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [31], and on Plaintiff's Objections to the Order and Final Report and Recommendation

[33].

## I.    Standard of Review

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation.  Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990).  If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error.  Macort, 208 F. App'x at 784.  Legal conclusions, of course, are subject to de novo review even if no party specifically objects.  United States v. Keel, 164 F.

App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Discussion

On February 3, 2022, Judge Johnson issued his Order and Final Report and Recommendation. (Order and Final Report & Recommendation (Docket Entry No. 31).) Judge Johnson recommended that the Court grant Defendants' Motions to Dismiss. (Id. at 3-8.)

Plaintiff filed Objections to the Final Report and Recommendation. (Objs. (Docket Entry No. 33).) The time in which Defendants could respond to the Objections expired without Defendants filing a response. (See generally Docket.)[1] The Court finds that the matter is ripe for resolution.

---

[1] Responses to Objections are not required or necessary.

The Court finds that Judge Johnson properly evaluated Plaintiff's allegations. Specifically, Plaintiff's Complaint fails to allege a viable § 1983 failure to protect claim against any of the named Defendants. (Order & Final Report & Recommendation at 4-6.) Plaintiff's arguments in his Objections do not warrant a different conclusion.

Similarly, Plaintiff has not alleged a viable § 1983 deliberate indifference to medical needs claim against any named Defendant. (Order & Final Report & Recommendation at 6-8.) Further, Plaintiff may not proceed with claims against the unnamed Defendants. (Id. at 7-8.) Again, nothing in Plaintiff's Objections warrants rejecting the Order and Final Report and Recommendation.

Plaintiff also failed to establish viable federal conspiracy claims, claims based on § 1983 supervisory liability, or claims for injunctive relief. (Order & Final Report & Recommendation at 8.)

Plaintiff does not appear to object to this portion of the Order and Final Report and Recommendation.  (<u>See generally</u> Objs.)  In any event, Judge Johnson properly evaluated Plaintiff's allegations and correctly concluded that Plaintiff failed to state viable federal conspiracy claims, § 1983 supervisory liability claims, or claims for injunctive relief.

To the extent Plaintiff attempts to assert state law negligence claims, he may attempt to pursue those claims in the appropriate state court.  The Court takes no position concerning Plaintiff's contention in his Objections that the Georgia Tort Claims Act bars those claims in state court.[2]  In any event, given that the Court has dismissed all Plaintiff's federal claims, the Court exercises its

---

[2] The Court also takes no position as to whether the Georgia Tort Claims Act would also bar those claims in this Court.  The Court observes, however, that it generally would have to apply Georgia substantive law to any state law claims that Plaintiff might assert in this Court.

discretion to decline supplemental jurisdiction over Plaintiff's state law claims.

In sum, Judge Johnson correctly evaluated Plaintiff's allegations. The Court adopts the Order and Final Report and Recommendation, overrules Plaintiff's Objections, grants Defendants' Motions to Dismiss, and dismisses Plaintiff's claims against the unknown Defendants and any state law claims without prejudice.[3]

## III. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Order and Final Report and Recommendation of United States Magistrate Judge

---

[3] The Court finds that it is not required to give Plaintiff an opportunity to amend his Complaint. Plaintiff, who is represented by counsel, never requested permission to amend his Complaint in response to the Motions to Dismiss, and he never filed a Motion to Amend. The Court is not required to grant Plaintiff leave to amend sua sponte. See Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte where the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").

Walter E. Johnson [31], **OVERRULES** Plaintiff's Objections to the Order and Final Report and Recommendation [33], **GRANTS** Defendants Sprayberry, Jones, and Black's Motion to Dismiss [4], **GRANTS** Defendants Brown and Smith's Motion to Dismiss [11], and **GRANTS** Defendants Beasley and Lindsey's Motion to Dismiss [26]. The Court **DISMISSES** all of Plaintiff's federal claims against the named Defendants. The Court **DISMISSES** Plaintiff's claims against the unnamed Defendants **WITHOUT PREJUDICE**. The Court declines to exercise supplemental jurisdiction over any state law claims that Plaintiff may assert, and it **DISMISSES** those claims **WITHOUT PREJUDICE**. Finally, the Court **DIRECTS** the Clerk to **CLOSE** the case.

IT IS SO ORDERED, this the 4th day of March, 2022.

/s/ Harold L. Murphy
_____
SENIOR UNITED STATES DISTRICT JUDGE